IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. C08-4010-DEO |
| | ) | |
| vs. | ) | |
| | ) | JUDGMENT |
| HENRY W. WEIFENBACH (deceased); | ) | IN A CIVIL CASE |
| MAURETA A. WEIFENBACH; | ) | |
| JOHN W. SEUNTJENS dba | ) | |
| SEUNTJENS & ASSOCIATES; | ) | |
| CHRELLE, INC.; STATE OF IOWA, | ) | |
| | ) | |
| Defendants. | ) | |

This matter came before the Court and

IT IS ORDERED AND ADJUDGED

    Judgment is entered in accordance with the attached Judgment and Decree of Foreclosure.

Dated: 08-22-2008

ROBERT L. PHELPS
Clerk

_____
(By) Deputy Clerk

**APPROVED BY:**

_____
**DONALD E. O'BRIEN**
**Senior Judge**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 08-4010DEO |
| | ) | |
| HENRY W. WEIFENBACH (deceased) | ) | |
| MAURETA A. WEIFENBACH, | ) | |
| JOHN W. SEUNTJENS dba | ) | |
| SEUNTJENS & ASSOCIATES, | ) | |
| CHRELLE, INC., STATE OF IOWA | ) | |
| | ) | |
| Defendants. | ) | |

**JUDGMENT AND DECREE OF FORECLOSURE**

This matter is before the Court on Plaintiff's Motion for Default Judgment and Motion for Summary Judgment. The Court finds no genuine issue of material fact exists herein which would give rise to a valid defense on behalf of any of the Defendants. Further, Plaintiff is entitled to judgment as a matter of law. The Motion for Default Judgment and Motion for Summary Judgment are granted. IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED:

1. The Court has jurisdiction over all parties, the defendants Henry Weifenbach (deceased), Maureta A. Weifenbach, John W. Seuntjens dba Seuntjens & Associates and Chrelle, Inc., having been properly served, and the defendants Henry Weifenbach (deceased), Maureta A. Weifenbach, John W. Seuntjens dba Seuntjens & Associates and Chrelle, Inc. being in default, the Motion for Default Judgment is granted.

2. The Motion for Summary Judgment is granted against Defendant State of Iowa. The Court finds that there exists no genuine issue of material fact and that Plaintiff is entitled to judgment as a matter of law.

3. Judgment is hereby rendered *in rem* against the mortgaged premises (described below) and in personam against defendant Maureta A. Weifenbach, for the total sum of $10,044.34 principal and $1,087.27 interest as of July 1, 2008, plus interest accruing thereafter at a rate of $2.3093 per day to this date totaling $ 117.77_____, plus costs in this action in the total amount of $645.80 ($150.00 for abstracting expenses, $145.80 costs of service of complaints, $350.00 for costs of court), and statutory interest after judgment.

The United States holds mortgage rights against borrowers Henry W. Weifenbach (deceased) and Maureta A. Weifenbach, and they are personally liable under the terms of the promissory note. Under the Debt Collection Act, the government has an obligation to actively collect on all claims the government has against borrowers.

4. Plaintiffs' mortgage is hereby established and declared to be first, superior and paramount lien on the real estate described below. All the rights, title and interest, claims and liens in and to the real property which the defendants claim or may have therein, whether the rights, title, interest, claims or liens be legal or equitable, are hereby decreed to be subsequent, inferior and junior to the right, title, interest, claims and lien of the plaintiffs'.

5. Plaintiffs' mortgage is hereby foreclosed for the full amount of the Judgment. This Judgment is decreed to be a lien on the mortgaged property from July 6, 1979. Defendants and all persons claiming by, through, and under them are barred

and foreclosed from all rights, title and interest in the real property with no post sale right of redemption.

6. A Writ of Special Execution shall issue against the following real property situated in Monona County, Iowa:

> Lot numbered Three (3) in Block numbered Nineteen (19) in the SECOND ADDITION to the City of Mapleton, County of Monona and State of Iowa.

Under the Writ of Special Execution, the United States Marshal for the Northern District of Iowa or his representative is commanded to sell the real property in aid and enforcement of the claim, rights and Judgment of the plaintiff at public sale in accordance with 28 U.S.C. §§ 2001-2003. The sale shall be subject to any unpaid real property taxes or special assessments.

7. The United States Marshal shall give public notice of the time and place of the sale in the manner provided by law, and the publication shall be in a regularly issued newspaper of general circulation within Monona County, Iowa, published once a week at least four (4) weeks prior to the sale.

8. If the plaintiff shall be the successful bidder at the sale, the United States Marshal may take the receipt of the plaintiff in lieu of cash payment.

9. The United States Marshal shall make and execute to the purchaser at the sale a Certificate of Purchase, stating the price thereof, and shall deliver same to the purchaser and also make report of the sale to this Court.

10. If the property is purchased by a bid other than that of the plaintiff, after deducting the costs of the sale from the proceeds thereof, the Marshal shall deposit the

proceeds with the Clerk of Court pending confirmation of the sale and direction by the Court as to payment of the proceeds.

11. If the sale is confirmed by this Court, there being no right of redemption, a Marshal's Deed shall issue forthwith to the purchaser at the sale, or his heirs, representatives, or assigns, and possession of the premises sold shall be given to the holder of the Deed. If the holder of the Deed is denied possession, a Writ of Assistance may issue out of this Court upon the filing of a proper Praecipe and without further order of this Court. The Writ shall be issued to place the holder of the deed in the peaceable possession of the real property.

12. Out of the proceeds arising from the sale there will be satisfied in the following order as far as the same shall be sufficient:

    a. The costs of the sale and of this action;

    b. Plaintiff's *in rem* Judgment against the property and in personam judgment against defendant Maureta A. Weifenbach;

    c. The balance thereof, if any, to be brought into the Court to await further order.

Dated: August 21, 2008

                                                              DONALD E. O'BRIEN, Senior Judge
                                                               UNITED STATES DISTRICT COURT